1
2
3
4

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorney for Plaintiffs*

5

6

7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

OLGA ALVARADO DE GARAY,
CAROLINA GARAY ALVARADO,
and MERCEDES GARAY
ALVARADO, individually and as
successors in interest to Clemente de
Jesus Garay Mejia,

    Plaintiffs,

  v.

CITY OF TUSTIN, JOSEPH
SANCHEZ, and HAYDEN
NEWMAN

    Defendants.

Case No.: 8:24-cv-00073-MRA-ADS

**AMENDED COMPLAINT FOR DAMAGES**

1.  42 U.S.C. § 1983 Fourth Amendment – Excessive Force
2.  42 U.S.C. § 1983 Fourteenth Amendment – Denial of Familial Relationship
3.  42 U.S.C. § 1983 Municipal Liability – Unconstitutional Custom, Practice, or Policy
4.  42 U.S.C. § 1983 Municipal Liability – Failure to Train
5.  42 U.S.C. § 1983 Municipal Liability – Ratification
6.  Americans with Disabilities Act (42 U.S.C. § 12132)
7.  Battery (Survival/Wrongful Death)
8.  Negligence (Wrongful Death)
9.  Violation of Cal. Civil Code § 52

**DEMAND FOR JURY TRIAL**

24
25
26
27
28

AMENDED COMPLAINT FOR DAMAGES

**COMPLAINT FOR DAMAGES**

COME NOW, Plaintiffs OLGA ALVARADO DE GARAY, CAROLINA GARAY ALVARADO, and MERCEDES GARAY ALVARADO for their Complaint against CITY OF TUSTIN, JOSEPH SANCHEZ, and HAYDEN NEWMAN and hereby alleges as follows:

**INTRODUCTION**

1.     This civil rights action seeks compensatory damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of the decedent, Clemente de Jesus Garay Mejia.

**THE PARTIES**

2.     At all relevant times, Decedent, Clemente de Jesus Garay Mejia ("DECEDENT"), was an individual residing in the City of Tustin, California.

3.     Plaintiff OLGA ALVARADO DE GARAY was at all relevant times the wife of DECEDENT. OLGA brings this action both in her individual capacity for wrongful death damages as the daughter of DECEDENT and in a representative capacity as DECEDENT'S successor-in-interest pursuant to California Code of Civil Procedure § 377.60.  OLGA seeks both survival and wrongful death damages under federal and state law.

4.     Plaintiff CAROLINA GARAY ALVARADO was and is the natural biological daughter of DECEDENT. CAROLINA brings this action both in her individual capacity for wrongful death damages as the daughter of DECEDENT and in a representative capacity as DECEDENT'S successor-in-interest pursuant to California Code of Civil Procedure § 377.60. CAROLINA seeks both survival and wrongful death damages under federal and state law.

5.     Plaintiff MERCEDES GARAY ALVARADO was and is the natural biological daughter of DECEDENT. MERCEDES brings this action

both in her individual capacity for wrongful death damages as the daughter of DECEDENT and in a representative capacity as DECEDENT'S successor-in-interest pursuant to California Code of Civil Procedure § 377.60. MERCEDES seeks both survival and wrongful death damages under federal and state law.

6.     The CITY OF TUSTIN ("CITY") is a government entity subject to the laws existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity of the State to be sued. The CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the CITY OF TUSTIN POLICE DEPARTMENT, and its agents and employees.

7.     SANCHEZ and NEWMAN are duly sworn police officers specifically authorized by the CITY to perform the duties and responsibilities of sworn law enforcement officers of the CITY, and all acts hereinafter complained of were performed by each of them within the course and scope of their duties, acting under the color of law, as Police Officers for the CITY, and as Police Officers for the CITY OF TUSTIN POLICE DEPARTMENT. SANCHEZ and NEWMAN were acting with the complete authority and ratification of their principal, CITY.

8.     On or about July 5, 2023, Plaintiffs filed comprehensive and timely claims for damages with the CITY pursuant to applicable sections of the California Government Code. Those claims were rejected by the CITY on July 19, 2023.

## JURISDICTION AND VENUE

9.     The Court has jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)–(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983

and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

10.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), because all incidents, events, and occurrences giving rise to this action occurred within this district.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

11.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 10 of this Complaint with the same force and effect as if fully set forth herein.

12.    On or about January 8, 2023, DECEDENT was on or near the intersection of Warner Avenue and Compass Avenue in Tustin, California.

13.    SANCHEZ and NEWMAN discharged their firearms at DECEDENT, striking him causing DECEDENT serious physical injury and eventually killing him.

14.    At the time of the shooting, DECEDENT was not near any of the officers or any other person, did not have a gun, and there were less then lethal alternatives available to the involved deputies that were not exhausted before resorting to using deadly force against DECEDENT.  Further, DECEDENT posed no imminent threat of death or serious physical injury to either SANCHEZ and NEWMAN or any other person, especially since he did not have a gun and was not near anyone when he was fatally shot.  None of the involved deputies sustained substantial bodily injury during this incident.

15.    SANCHEZ and NEWMAN had no information that DECEDENT had committed a felony.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)

(Plaintiffs against SANCHEZ and NEWMAN, in their individual capacities)

16.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

17.     Plaintiffs bring this claim for relief in their capacity as the successors in interest of DECEDENT under California Code of Civil Procedure § 377.30.  This claim for relief arose in DECEDENT'S favor, and DECEDENT would have been the plaintiff with respect to this cause of action had he lived.

18.     SANCHEZ and NEWMAN acted within the course and scope of their employment as police officers for the Defendant CITY and Tustin Police Department and acted under color of state law.

19.     The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by police officers.

20.     SANCHEZ and NEWMAN failed to employ tactics to de-escalate the situation, failed to give DECEDENT the time and space to understand the presence of law enforcement, failed to give DECEDENT proper commands and the time to comply with those commands, failed to give DECEDENT the opportunity to cooperate with law enforcement instructions, and failed to give DECEDENT a verbal warning prior to the use of deadly force even though it was feasible to do so.

21.     SANCHEZ and NEWMAN used excessive force against DECEDENT when SANCHEZ and NEWMAN used force, including deadly force against him.  Defendants' unjustified use of force deprived DECEDENT of his right to be secure in his person against unreasonable searches and

seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States and applied to state actors by the Fourteenth Amendment.

22.    As a result of the foregoing, DECEDENT suffered great physical and mental injury, fear, pain, and emotional distress up to the time of his death, loss of enjoyment of life, loss of opportunity of life, loss of life, and loss of earning capacity.

23.    The use of force was excessive and unreasonable, especially because DECEDENT posed no immediate threat of death or serious bodily injury at the time of the officers' use of force or at any time immediately prior to the officers' use of force.  DECEDENT was not attempting to evade or resist by flight and no warning was given prior to the use of deadly force. The Defendants were not responding to a serious or violent crime, and there were several less intrusive alternatives available to the Defendant Officers. Further, SANCHEZ and NEWMAN's use of force violated their training and standard police officer training.

24.    As a result of their misconduct, SANCHEZ and NEWMAN are liable for DECEDENT'S injuries.

25.    Plaintiffs seek survival damages, including but not limited to pre-death pain and suffering, loss of life, loss of opportunity of life, and loss of enjoyment of life, under this claim.  Plaintiffs also seek attorneys' fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

### Fourteenth Amendment – Denial of Familial Relationship (42 U.S.C. § 1983)

(Plaintiffs against SANCHEZ and NEWMAN, in their individual capacities)

26.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 33, inclusive, as if fully set forth herein.

27.    SANCHEZ and NEWMAN acted within the course and scope of their employment as police officers for the Defendant CITY and TUSTIN

POLICE DEPARTMENT and acted under color of state law.

28.   Plaintiff OLGA ALVARADO DE GARAY had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her husband, DECEDENT.

29.   Plaintiff CAROLINA GARAY ALVARADO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT.

30.   Plaintiff MERCEDES GARAY ALVARADO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT.

31.   The aforementioned actions of SANCHEZ and NEWMAN, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

32.   As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died.  SANCHEZ and NEWMAN thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with

DECEDENT.

33.   As a direct and proximate cause of the acts of SANCHEZ and NEWMAN, Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

34.   Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT and seek both survival and wrongful death damages for the violation of their rights.  Plaintiffs also seek attorney's fees and costs under this claim.

## THIRD CLAIM FOR RELIEF

### Municipal Liability –

### Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)

#### (Plaintiffs against CITY)

35.   Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 42, inclusive, as if fully set forth herein.

36.   Defendants SANCHEZ and NEWMAN acted under color of state law and in the course and scope of their employment as law enforcement officers for the CITY.

37.   The acts of SANCHEZ and NEWMAN deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

38.   SANCHEZ and NEWMAN acted pursuant to an expressly adopted official policy or longstanding practice or custom of the Defendant CITY.

39.   On information and belief, SANCHEZ and NEWMAN were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with deprivation of DECEDENT'S rights.

40.   Defendants CITY and CITY policymakers and supervisors,

7

maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive and unreasonable force, including deadly force on persons who do not pose a risk of imminent death or serious bodily injury to others.

(b) Failing to use and exhaust reasonable alternatives to the use of deadly force.

(c) Failing to give adequate commands and time to comply with those commands.

(d) Failing to give adequate verbal warning that the use of deadly force will be used and time to heed such a warning.

(e) Providing inadequate training regarding the use of force, including deadly force, use of force, and use of reasonable alternatives to the use of deadly force.

(f) The handling of situations involving persons suffering from a mental crisis in accordance with their constitutional rights.

(g) Providing inadequate training and policies, including sustainment training, enforcement of the training when it does exist, and re-training, regarding the use of force, the use of deadly force, handling situations involving persons suffering from mental crisis, and de-escalation.

(h) Employing and retaining as law enforcement officers, individuals such as SANCHEZ and NEWMAN at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force.

(i) Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including

SANCHEZ and NEWMAN who CITY knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits.

(j) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by officers of the CITY.

(k) Ratifying unconstitutional conduct and failing to adequately discipline CITY officers for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist," discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct.

(l) Announcing that unjustified shootings are "within policy" even when they are later determined in court to be unconstitutional and refusing to discipline, terminate and retrain officers involved in unconstitutional conduct.

(m) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which officers do not report other officers' errors, misconduct, or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

(n) Maintaining a policy of inaction and an attitude of indifference towards police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings.

(o)  Upon information and belief, CITY has an unofficial policy, practice and/or custom of finding almost all—if not all—of its officer involved shootings to be within policy, of not disciplining its officers involved in shootings, or not retraining or firing officers involved in shootings, and of not recommending criminal charges against their officers involved in excessive and unreasonable officer-involved shootings.  As a result, officers involved in excessive uses of deadly force are allowed back to patrol the streets even though CITY knew, or should have known, that these officers have a propensity for using excessive deadly force against the citizens that the officers are supposed to protect and serve, especially against minorities and those in a mentally crisis.

(p)  Upon information and belief, as a result of CITY policy, custom and/or practices, officers know that if they use deadly excessive force against someone, they will not be disciplined and their use of force will be found within policy, which results in a significant number of CITY officers being involved in numerous shootings. This policy, custom and/or practice was established by supervising and managerial employees of CITY, specifically, those employees tasked with determining whether officer-involved shootings fall within policy, those employees responsible for disciplining, retraining, and firing employees who use excessive force, and for those employees responsible for making recommendations of criminal charges being filed against officers who use excessive deadly force.

(q)  Upon information and belief, this policy, custom and/or practice long lasting and persistent, and existed well before DECEDENT

10

was killed by the SANCHEZ and NEWMAN.  This policy, custom and/or practice was established so that CITY officers do not bear the responsibility for the people that they use excessive deadly force against.  This policy, custom and/or practice exists so that the public does not have such a negative perception of CITY and its law enforcement departments and so that CITY can avoid the repercussions associated with its officers' use of excessive deadly force against citizens, including negative publicity, avoiding criminal prosecution, and avoiding civil liability.  A significant reason that this policy, custom and/or practice was established was to avoid CITY being liable, under a theory of vicarious liability, for the uses of excessive and unreasonable deadly force by its employees.  In other words, there is a large financial incentive for CITY to erroneously determine that most, if not all, of its officers' uses of deadly force are within policy.  If CITY, through its policymakers and supervisors, would admit that their officers were at fault for using excessive and unreasonable deadly force, then CITY is well aware of how much they would have to pay for any associated litigation.

41.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, training, guidance, and past and future support of DECEDENT, and DECEDENT endured substantial pain and suffering, loss of enjoyment of life, and death.

42.    Defendants CITY had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein.  Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said Defendants also

acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT and other individuals similarly situated.

43. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, the CITY acted with intentional, reckless, and callous disregard for the DECEDENT'S Constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by the CITY were affirmatively linked to and were a significantly influential force behind DECEDENT'S injuries.

44. By reason of the aforementioned acts and omissions of the CITY suffered pain and suffering, loss of enjoyment of life, and loss of life.

45. Accordingly, the CITY is liable for compensatory damages under 42 U.S.C. § 1983.

46. Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT, and seek survival damages, including but not limited to pre-death pain and suffering, loss of life, and loss of enjoyment of life. Plaintiffs also seek attorneys' fees and costs under this claim.

## **FOURTH CLAIM FOR RELIEF**

### **Municipal Liability for Failure to Train (42 U.S.C. §1983)**

(Plaintiffs against CITY)

47. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

48. SANCHEZ and NEWMAN acted under color of state law and in the course and scope of their employment as law enforcement officers for the CITY.

49. The acts of SANCHEZ AND NEWMAN deprived DECEDENT

of his particular rights under the United States Constitution.

50.     On information and belief, the CITY failed to properly failed to properly and adequately train SANCHEZ and NEWMAN including but not limited to, with regard to the use of physical force, less than lethal force, and lethal force; the use of reasonable alternatives to the use of deadly force; proper communication, proper warning; utilizing time, space, distance, cover and concealment; pre-shooting tactics, techniques, and procedures; de-escalation; dealing with situations in which a person is experiencing a mental health crisis; not waiting for sufficient assets, equipment and personnel, including mental health crisis teams to arrive before engaging in situations; controlling officer emotions and fears including inadequate "warrior training" that imbues officers with irrational fears about every situation and encourages excessive and unreasonable force and overreacting to a situation; inappropriate "shot/don't shoot" scenarios in training that promote the use of unreasonable force; and continually assessing a situation to justify every shot fired.

51.     The training policies of the CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including de-escalation techniques, the use of less than lethal and lethal force, and pre-shooting tactics.

52.     The CITY has numerous officer-involved shootings annually. The CITY aware that there was a reoccurring problem with their officers' shooting individuals, instead of employing proper de-escalation techniques. In other words, the CITY aware that there was a problem involving numerous officer-involved shootings which could have been reasonably avoided had the officers employed well-known and accepted law enforcement tactics and techniques to avoid using unnecessarily and excessive deadly force against these individuals by CITY employees.

53.    The CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

54.    The failure of the CITY to provide adequate training caused the deprivation of Plaintiffs' rights by SANCHEZ and NEWMAN; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate injury.

55.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT'S pain and suffering, loss of enjoyment of life, and death.

56.    Plaintiffs bring this claim as successors-in-interest to DECEDENT, and seek survival damages, including but not limited to pre-death pain and suffering, loss of life, and loss of enjoyment of life.  Plaintiffs also seek attorneys' fees and costs under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(Plaintiffs against CITY)

57.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 64 of this Complaint with the same force and effect as if fully set forth herein.

58.    SANCHEZ and NEWMAN acted under color of state law and in the course and scope of their employment as law enforcement officers for the CITY.

59.    The acts of SANCHEZ and NEWMAN deprived DECEDENT of his particular rights under the United States Constitution.

60.    Upon information and belief, a final policymaker, acting under color of law, has a history of ratifying unreasonable uses of force, including

14

deadly force.

61.    Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of SANCHEZ and NEWMAN inclusive ratified the acts and bases for the acts of SANCHEZ and NEWMAN.  Upon information and belief, the final policymaker knew of and specifically approved of the acts of SANCHEZ and NEWMAN.

62.    On information and belief, CITY final policymakers knew that DECEDENT was not an immediate threat of death or serious bodily injury to any person at the time of the SANCHEZ and NEWMAN use of deadly force.

63.    On information and belief, the official policies with respect to the incident are that officers are not to use deadly force against an individual unless the individual poses an immediate risk of death or serious bodily injury to the officers or others, or if the individual has inflicted death or serious bodily injury against someone or threatened to do so, the officers may use deadly force to prevent the individual's escape.  The officers' actions deviated from these official policies because DECEDENT did not pose an immediate threat of death or serious bodily injury to the involved officers or anyone.

64.    On information and belief, the CITY approved of the officers' actions after a hearing presented by the officers' legal counsel to CITY supervisors after which they found the officers' actions to be within the official policies of the CITY.  On information and belief, the basis for such approval was based on the officers' self-serving statements that they feared they would be killed or seriously injured, despite evidence to the contrary, including evidence that the involved officers were never physically injured.

65.    Upon information and belief, a final policymaker has determined (or will determine) that the acts of SANCHEZ and NEWMAN were "within

1  policy."

2    66.    By reason of the aforementioned acts and omissions,

3  DECEDENT suffered past and future pain and suffering, loss of enjoyment of

4  life, and loss of life.

5    67.    Accordingly, the CITY is liable to Plaintiffs as successors in

6  interest to DECEDENT for compensatory damages under 42 U.S.C. § 1983.

7    68.    Plaintiffs bring this claim as the successors in interest to

8  DECEDENT and seek survival damages, including but not limited to pre-

9  death pain and suffering, loss of life, and loss of enjoyment of life.  Plaintiffs

10  also seek attorneys' fees and costs under this claim.

## SIXTH CLAIM FOR RELIEF

### Americans with Disabilities Act (42 U.S.C. § 12132)
(Plaintiffs against all Defendants)

14    69.    Plaintiffs repeat and re-allege each and every allegation in

15  paragraphs 1 through 76 of this Complaint with the same force and effect as

16  if fully set forth herein.

17    70.    DECEDENT was a "qualified individual," with a mental

18  impairment that substantially limited his ability to care for himself and

19  control his mental health condition as defined under the Americans with

20  Disabilities Act ("ADA"), 42 U.S.C. §12131 (2).

21    71.    The CITY is a covered entity for purposes of enforcement of the

22  ADA, 42 U.S.C. §12131 (2), as explained by regulations under these laws.

23    72.    Under the ADA, the CITY is mandated to develop effective

24  procedures for interactions with individuals with mental disabilities and to

25  ensure the protection of their personal and civil rights.

26    73.    Congress enacted the ADA with the finding that individuals with

27  disabilities have been isolated and segregated, constituting a form of

28  discrimination that is a pervasive social problem. 42 U.S.C. §12101(a)(2).

AMENDED COMPLAINT FOR DAMAGES

74.    The CITY is mandated under the ADA not to discriminate against any qualified individual on the basis of disability in any services or facilities. 42 U.S.C. §12182 (a).

75.    The CITY and SANCHEZ and NEWMAN violated the ADA by: (1) failing to properly train its deputies to respond and interact peacefully with individuals with mental impairments, such as DECEDENT; and (2) failing to follow procedures for de-escalation and non-lethal force in interactions with DECEDENT, who was experiencing a mental health crisis.

76.    As a result of the acts and omissions of the Defendants, DECEDENT suffered damages, including loss of life and pain and suffering.

77.    Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT and seek both survival and wrongful death damages. Plaintiffs also seeks reasonable attorneys' fees and costs under this claim.

## SEVENTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(Plaintiffs against SANCHEZ and NEWMAN directly and Defendant CITY vicariously)

78.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 85 of this Complaint with the same force and effect as if fully set forth herein.

79.    SANCHEZ and NEWMAN acted within the course and scope of their employment as police officers for the Defendant CITY and TUSTIN POLICE DEPARTMENT and acted under color of state law.

80.    SANCHEZ and NEWMAN intentionally shot DECEDENT multiple times.  As a result of the actions of SANCHEZ and NEWMAN, DECEDENT was seriously injured and died.  SANCHEZ and NEWMAN had no legal justification for using force, including deadly force, against DECEDENT, and SANCHEZ and NEWMAN use of force while carrying out

17

their duties as officers was an unreasonable under the circumstances.

81.    At all relevant times, DECEDENT was not an immediate threat of death or serious bodily injury to anyone, including SANCHEZ and NEWMAN no warning was given that deadly force was going to be used prior to the use of deadly force, and less than lethal alternatives were available to SANCHEZ and NEWMAN.

82.    Defendants CITY is vicariously liable for the wrongful acts of SANCHEZ and NEWMAN pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment is the employees' acts would subject them to liability.

83.    Plaintiffs seek survival and wrongful death damages under this claim.

## EIGHTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(Plaintiffs against SANCHEZ and NEWMAN directly and CITY vicariously)

84.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 113, inclusive, as if fully set forth herein.

85.    SANCHEZ and NEWMAN acted within the course and scope of their employment as police officers for the Defendant CITY and TUSTIN POLICE DEPARTMENT and acted under color of state law.

86.    Police officers, including SANCHEZ and NEWMAN have a duty to use reasonable care to prevent harm and injury to others.  This duty includes using appropriate tactics, giving appropriate commands, giving appropriate warnings, use of de-escalation techniques, and not using any force unless necessary, using the least amount of force necessary, and only using deadly force as a last resort.  These duties also include the SANCHEZ and NEWMAN responsibility to follow their training and policies,

responsibility to ensure they are properly trained and equipped to perform their duties in accordance with the department policies, and properly investigate and report on their use of force incidents.

87.     SANCHEZ and NEWMAN breached their duty of care.  Upon information and belief, the actions and inactions of SANCHEZ and NEWMAN were negligent and reckless, including but not limited to:

(a)     the failure to properly and adequately assess the need to use force against DECEDENT.

(b)     the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence and failure to utilize de-escalation techniques.

88.     As a direct and proximate result of SANCHEZ and NEWMAN conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe mental and physical pain and suffering, loss of enjoyment of life, and loss of life.

89.     At all relevant times, DECEDENT was not an immediate threat of death or serious bodily injury to anyone, no warning was given that deadly force was going to be used prior to the use of deadly force, and less than lethal alternatives were available to SANCHEZ and NEWMAN.

90.     The CITY is vicariously liable for the wrongful acts of SANCHEZ and NEWMAN pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees' act would subject him or her to liability.

91.     SANCHEZ and NEWMAN negligently caused physical injury to DECEDENT when SANCHEZ and NEWMAN discharged their firearms simultaneously at DECEDENT, striking him multiple times.  The use of force, including deadly force, by the Defendant Officers was excessive,

1  unreasonable, and the Defendant Officers were negligent when they

2  discharged their firearms at DECEDENT, including pre-shooting negligent

3  conduct, actions, inactions, and tactics, and their post-shooting negligent

4  conduct, actions and inactions.

5       92.    Plaintiffs bring this claim as successors-in-interest to

6  DECEDENT and seek survival damages and wrongful death damages under

7  this claim.

8  ### NINTH CLAIM FOR RELIEF

9  **Violation of Cal. Civil Code § 52.1**

10  (Plaintiffs against SANCHEZ and NEWMAN directly and the CITY vicariously)

11       93.    Plaintiffs repeat and reallege each and every allegation in the

12  foregoing paragraphs of this Complaint with the same force and effect as if

13  fully set forth herein.

14       94.    SANCHEZ and NEWMAN acted within the course and scope of

15  their employment as police officers for the Defendant CITY and TUSTIN

16  POLICE DEPARTMENT and acted under color of state law.

17       95.    The Bane Act, the California Constitution, and California

18  common law prohibit the use of excessive force by law enforcement.

19  California Civil Code, Section 52.1(b) authorizes a private right of action and

20  permits survival actions for such claims.

21       96.    On information and belief, SANCHEZ and NEWMAN, while

22  working for the CITY and acting within the course and scope of their duties,

23  intentionally committed and attempted to commit acts of violence against

24  DECEDENT, including by using excessive force against him without

25  justification or excuse.

26       97.    When Defendants unnecessarily shot DECEDENT, they

27  interfered with his civil rights to be free from unreasonable searches and

28  seizures, due process, equal protection of the laws, and life, liberty, and

property. They intentionally used deadly force, demonstrating a reckless disregard for DECEDENT's right to be free from excessive force.

98.   On information and belief, SANCHEZ and NEWMAN intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights.

99.   On information and belief, DECEDENT reasonably believed that the violent acts committed by Defendants were intended to discourage him from exercising his civil rights.

100.   Defendants successfully interfered with the civil rights of DECEDENT and Plaintiffs.

101.   DECEDENT was caused to suffer severe pain and suffering, loss of enjoyment of life, and loss of life. The conduct of Defendants was a substantial factor in causing the harm, losses, injuries, and damages of DECEDENT.

102.   Defendant CITY is vicariously liable for the wrongful acts of SANCHEZ and NEWMAN under California law and the doctrine of *repondeat superior* and section 815.2(a) of the California Government Code.

103.   Plaintiffs seek survival damages, costs, and attorneys' fees under this claim.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor against Defendant CITY OF TUSTIN and SANCHEZ and NEWMAN, as follows:

1.   For compensatory damages according to proof at trial, including both survival damages and wrongful death damages under federal and state law;

2.   For funeral and burial expenses, and loss of financial support;

3.   For loss of consortium;

4.   For statutory damages;

5.      For reasonable attorneys' fees including litigation expenses;

6.      For costs of suit and interest incurred herein; and

7.      For such other and further relief as the Court may deem just, proper, and appropriate.

DATED: March 8, 2024          **LAW OFFICES OF DALE K. GALIPO**

By:   */s/    Dale K. Galipo*
Dale K. Galipo, Esq.
*Attorney for Plaintiffs*

AMENDED COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby submit this demand that this action be tried in front of a jury.

DATED: March 8, 2024          **LAW OFFICES OF DALE K. GALIPO**


By:   */s/    Dale K. Galipo*
_____
        Dale K. Galipo, Esq.
        *Attorney for Plaintiffs*

AMENDED COMPLAINT FOR DAMAGES