Bruce D. Praet  SBN 119430
FERGUSON, PRAET & SHERMAN
1631 E. 18th St.
Santa Ana, CA 92705
714.953.5300 telephone
714.953.1143 facsimile
bpraet@aol.com

Attorney for City of Tustin Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA ALVARADO DE GARAY, CAROLINA GARAY ALVARADO, and MERCEDES GARAY ALVARADO, individually and as successors in interest to Clemente de Jesus Garay Mejia, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF TUSTIN, JOSEPH SANCHEZ and HAYDEN NEWMAN, <br><br> Defendants. | Case No: 8:24-cv-00073 MRA ADS <br><br> **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLIANT; JURY DEMAND** |

COMES NOW, Defendants, City of Tustin, Joseph Sanchez and Hayden Newman, and answering the unverified First Amended Complaint for themselves alone and pursuant to *F.R.Civ.P.,* Rule 8, admit, deny and allege as follows:

1.      For answer to paragraph one, Defendants admit the allegations in said paragraph.

2.      For answer to paragraph two, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

3.      For answer to paragraph three, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

4.     For answer to paragraph four, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

5.     For answer to paragraph five, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

6.     For answer to paragraph six, Defendants admit the allegations in said paragraph.

7.     For answer to paragraph seven, Defendants admit the allegations in said paragraph.

8.     For answer to paragraph eight, Defendants admit the allegations in said paragraph.

9.     For answer to paragraph nine, Defendants admit the allegations in said paragraph.

10.     For answer to paragraph ten, Defendants admit the allegations in said paragraph.

11.     For answer to paragraph eleven, Defendants incorporate and reassert their responses to paragraphs 1 through 10, above.

12.     For answer to paragraph twelve, Defendants admit the allegations in said paragraph.

13.     For answer to paragraph thirteen, Defendants deny the allegations in said paragraph as phrased.

14.     For answer to paragraph fourteen, Defendants deny the allegations in said paragraph.

15.     For answer to paragraph fifteen, Defendants deny the allegations in said paragraph.

16.     For answer to paragraph sixteen, Defendants incorporate and reassert their responses to paragraphs 1 through 15 above.

17.     For answer to paragraph seventeen, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

18.    For answer to paragraph eighteen, Defendants admit the allegations in said paragraph.

19.    For answer to paragraph nineteen, Defendants admit the allegations in said paragraph.

20.    For answer to paragraph twenty, Defendants deny the allegations in said paragraph.

21.    For answer to paragraph twenty-one, Defendants deny the allegations in said paragraph.

22.    For answer to paragraph twenty-two, Defendants deny the allegations in said paragraph.

23.    For answer to paragraph twenty-three, Defendants deny the allegations in said paragraph.

24.    For answer to paragraph twenty-four, Defendants deny the allegations in said paragraph.

25.    For answer to paragraph twenty-five, Defendants deny the allegations in said paragraph.

26.    For answer to paragraph twenty-six, Defendants incorporate and reassert their responses to paragraphs 1 through 25 above.

27.    For answer to paragraph twenty-seven, Defendants admit the allegations in said paragraph.

28.    For answer to paragraph twenty-eight, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

29.    For answer to paragraph twenty-nine, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

30.    For answer to paragraph thirty, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

31.     For answer to paragraph thirty-one, Defendants deny the allegations in said paragraph.

32.     For answer to paragraph thirty-two, Defendants deny the allegations in said paragraph.

33.     For answer to paragraph thirty-three, Defendants deny the allegations in said paragraph.

34.     For answer to paragraph thirty-four, Defendants

35.     For answer to paragraph thirty-five, Defendants incorporate and reassert their responses to paragraphs 1 through 34 above.

36.     For answer to paragraph thirty-six, Defendants admit the allegations in said paragraph.

37.     For answer to paragraph thirty-seven, Defendants deny the allegations in said paragraph.

38.     For answer to paragraph thirty-eight, Defendants deny the allegations in said paragraph.

39.     For answer to paragraph thirty-nine, Defendants deny the allegations in said paragraph.

40.     For answer to paragraph forty, Defendants deny the allegations in said paragraph, including all subparts.

41.     For answer to paragraph forty-one, Defendants deny the allegations in said paragraph.

42.     For answer to paragraph forty-two, Defendants deny the allegations in said paragraph.

43.     For answer to paragraph forty-three, Defendants deny the allegations in said paragraph.

44.     For answer to paragraph forty-four, Defendants deny the allegations in said paragraph.

///

45.     For answer to paragraph forty-five, Defendants deny the allegations in said paragraph.

46.     For answer to paragraph forty-six, Defendants deny the allegations in said paragraph.

47.     For answer to paragraph forty-seven, Defendants incorporate and reassert their responses to paragraphs 1 through 46 above.

48.     For answer to paragraph forty-eight, Defendants admit the allegations in said paragraph.

49.     For answer to paragraph forty-nine, Defendants  deny the allegations in said paragraph.

50.     For answer to paragraph fifty, Defendants deny the allegations in said paragraph.

51.     For answer to paragraph fifty-one, Defendants deny the allegations in said paragraph.

52.     For answer to paragraph fifty-two, Defendants deny the allegations in said paragraph.

53.     For answer to paragraph fifty-three, Defendants deny the allegations in said paragraph.

54.     For answer to paragraph fifty-four, Defendants deny the allegations in said paragraph.

55.     For answer to paragraph fifty-five, Defendants deny the allegations in said paragraph.

56.     For answer to paragraph fifty-six, Defendants deny the allegations in said paragraph.

57.     For answer to paragraph fifty-seven, Defendants incorporate and reassert their responses to paragraphs 1 through 56 above.

58.     For answer to paragraph fifty-eight, Defendants admit the allegations in said paragraph.

59.     For answer to paragraph fifty-nine, Defendants deny the allegations in said paragraph.

60.     For answer to paragraph sixty, Defendants deny the allegations in said paragraph.

61.     For answer to paragraph sixty-one, Defendants deny the allegations in said paragraph.

62.     For answer to paragraph sixty-two, Defendants deny the allegations in said paragraph.

63.     For answer to paragraph sixty-three, Defendants deny the allegations in said paragraph.

64.     For answer to paragraph sixty-four, Defendants deny the allegations in said paragraph.

65.     For answer to paragraph sixty-five, Defendants deny the allegations in said paragraph.

66.     For answer to paragraph sixty-six, Defendants deny the allegations in said paragraph.

67.     For answer to paragraph sixty-seven, Defendants deny the allegations in said paragraph.

68.     For answer to paragraph sixty-eight, Defendants deny the allegations in said paragraph.

69.     For answer to paragraph sixty-nine, Defendants incorporate and reassert their responses to paragraphs 1 through 68 above.

70.     For answer to paragraph seventy, Defendants deny the allegations in said paragraph.

71.     For answer to paragraph seventy-one, Defendants deny the allegations in said paragraph.

72.     For answer to paragraph seventy-two, Defendants deny the allegations in said paragraph.

73.    For answer to paragraph seventy-three, Defendants deny the allegations in said paragraph.

74.    For answer to paragraph seventy-four, Defendants deny the allegations in said paragraph.

75.    For answer to paragraph seventy-five, Defendants deny the allegations in said paragraph.

76.    For answer to paragraph seventy-six, Defendants deny the allegations in said paragraph.

77.    For answer to paragraph seventy-seven, Defendants deny the allegations in said paragraph.

78.    For answer to paragraph seventy-eight, Defendants incorporate and reassert their responses to paragraphs 1 through 77 above.

79.    For answer to paragraph seventy-nine, Defendants admit the allegations in said paragraph.

80.    For answer to paragraph eighty, Defendants deny the allegations in said paragraph.

81.    For answer to paragraph eighty-one, Defendants deny the allegations in said paragraph.

82.    For answer to paragraph eighty-two, Defendants deny the allegations in said paragraph.

83.    For answer to paragraph eighty-three, Defendants deny the allegations in said paragraph.

84.    For answer to paragraph eighty-four, Defendants incorporate and reassert their responses to paragraphs 1 through 83 above.

85.    For answer to paragraph eighty-five, Defendants admit the allegations in said paragraph.

86.    For answer to paragraph eighty-six, Defendants deny the allegations in said paragraph.

87.     For answer to paragraph eighty-seven, Defendants deny the allegations in said paragraph, including all subparts.

88.     For answer to paragraph eighty-eight, Defendants deny the allegations in said paragraph.

89.     For answer to paragraph eighty-nine, Defendants deny the allegations in said paragraph.

90.     For answer to paragraph ninety, Defendants deny the allegations in said paragraph.

91.     For answer to paragraph ninety-one, Defendants deny the allegations in said paragraph.

92.     For answer to paragraph ninety-two, Defendants deny the allegations in said paragraph.

93.     For answer to paragraph ninety-three, Defendants incorporate and reassert their responses to paragraphs 1 through 92 above.

94.     For answer to paragraph ninety-four, Defendants admit the allegations in said paragraph.

95.     For answer to paragraph ninety-five, Defendants deny the allegations in said paragraph.

96.     For answer to paragraph ninety-six, Defendants deny the allegations in said paragraph.

97.     For answer to paragraph ninety-seven, Defendants deny the allegations in said paragraph.

98.     For answer to paragraph ninety-eight, Defendants deny the allegations in said paragraph.

99.     For answer to paragraph ninety-nine, Defendants deny the allegations in said paragraph.

100.   For answer to paragraph one hundred, Defendants deny the allegations in said paragraph.

101.   For answer to paragraph one hundred one, Defendants deny the allegations in said paragraph.

102.   For answer to paragraph one hundred two, Defendants deny the allegations in said paragraph.

103.   For answer to paragraph one hundred three, Defendants deny the allegations in said paragraph.

104.   For answer to Plaintiffs' Prayer, Defendants deny the allegations set forth therein including all subparts.

FIRST AFFIRMATIVE DEFENSE

105.   As and for a first, separate and distinct affirmative defense, these answering Defendants allege that the First Amended Complaint fails to state a cause of action against any of these Defendants.

SECOND AFFIRMATIVE DEFENSE

106.   As and for a second, separate and distinct affirmative defense, these answering Defendants allege that any City of Tustin employees referred to in the Complaint as such were, and are now duly qualified, appointed and acting officers of the Tustin Police Department and peace officers of the State of California, and that at all times herein mentioned, said employees were engaged in the performance of their regularly assigned duties as police officers.

THIRD AFFIRMATIVE DEFENSE

107.   As and for a third, separate and distinct affirmative defense, these answering Defendants allege that the City of Tustin and any of its employees referred to in the Complaint, at all times herein relevant, acted in good faith, without malice, and within the scope of their duties as police officers and other officials for the City of Tustin and as peace officers for the State of California.

///

///

///

## FOURTH AFFIRMATIVE DEFENSE

108.   As and for a fourth, separate and distinct affirmative defense, these answering Defendants allege that any injuries to Plaintiffs and/or Plaintiffs' decedent were due to and caused by the negligence and omissions of Plaintiffs' decedent to care for himself, which carelessness, negligence and omissions were the proximate cause of the damage, if any, to the Plaintiffs and the decedent.

## FIFTH AFFIRMATIVE DEFENSE

109.   As and for a fifth, separate and distinct affirmative defense, these answering Defendants allege that any injury or damage suffered by Plaintiffs was caused solely by reason of Plaintiffs' and Plaintiffs' decedent's wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge the duty of his/their office, and not by reason of any unlawful acts or omissions by these Defendants.

## SIXTH AFFIRMATIVE DEFENSE

110.   As and for a sixth, separate and distinct affirmative defense, these answering Defendants allege that the actions of these Defendants were reasonable, proper, and legal.

## SEVENTH AFFIRMATIVE DEFENSE

111.   As and for a seventh, separate and distinct affirmative defense, these answering Defendants allege that a public employee is not liable for his/her act or omission, exercising due care in the enforcement of any law.

## EIGHTH AFFIRMATIVE DEFENSE

112.   As and for an eighth, separate and distinct affirmative defense, these answering Defendants allege that these Plaintiffs lack legal standing to pursue claims against these Defendants.

///

///

## NINTH AFFIRMATIVE DEFENSE

113.   As and for a ninth, separate and distinct affirmative defense, these answering Defendants allege that a public employee is not liable for an injury resulting from his/her act of omission where the act or omission was the result of the exercise of the discretion vested in him/her.

## TENTH AFFIRMATIVE DEFENSE

114.   As and for a tenth, separate and distinct affirmative defense, these answering Defendants allege that to the extent that Plaintiffs suffered any detriment, such detriment was caused or contributed to by the negligence of Plaintiffs and Plaintiffs' decedent.

## ELEVENTH AFFIRMATIVE DEFENSE

115.   As and for an eleventh, separate and distinct affirmative defense, these answering Defendants allege that to the extent that Plaintiffs suffered any detriment, such detriment was voluntarily consented to by the Plaintiffs and Plaintiffs' decedent.

## TWELFTH AFFIRMATIVE DEFENSE

116.   As and for a twelfth, separate and distinct affirmative defense, these answering Defendants allege that to the extent that Plaintiffs suffered any detriment, the risk of such detriment was assumed by Plaintiffs and Plaintiffs' decedent.

## THIRTEENTH AFFIRMATIVE DEFENSE

117.   As and for a thirteenth, separate and distinct affirmative defense, these answering Defendants allege that Plaintiffs did not suffer any detriment or damage in any amount whatsoever or at all.

## FOURTEENTH AFFIRMATIVE DEFENSE

118.   As and for a fourteenth, separate and distinct affirmative defense, these answering Defendants allege that to the extent Plaintiffs or Plaintiffs' decedent suffered any detriment, such was unavoidable.

## FIFTEENTH AFFIRMATIVE DEFENSE

119.  As and for a fifteenth, separate and distinct affirmative defense, these answering Defendants allege that if it should be found that these answering Defendants are in any manner legally responsible for the damages, if any, sustained by Plaintiffs and/or Plaintiffs' decedent, which these Defendants specifically deny, then such damages were proximately caused or contributed to by other parties, whether plaintiffs, defendants, cross-complainants, cross-defendants, or otherwise, in this case, whether served or not served, and by other persons or entities not presently parties to this action, and it is necessary that the proportionate degree of negligence or fault of each and every said person or entity be determined and prorated and that any judgment which might be rendered against these answering Defendants be reduced not only by that degree of negligence found to exist as to other parties, but by the total of that degree of negligence or fault found to exist as to other persons or entities.

## SIXTEENTH AFFIRMATIVE DEFENSE

120.  As and for a sixteenth, separate and distinct affirmative defense, these answering Defendants allege that Plaintiffs have failed to comply with applicable sections of the California *Government Code* relating to claims and actions against public entities and public employees.

## SEVENTEENTH AFFIRMATIVE DEFENSE

121.  As and for an seventeenth, separate and distinct affirmative defense, these answering Defendants allege that public employees have qualified immunity from liability for acts undertaken in an official capacity, in good faith and in accordance with clearly established law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

122.  As and for a eighteenth, separate and distinct affirmative defense, these answering Defendants allege that  neither a public entity nor a public employee is liable for any injury caused by a person attempting to escape or resist arrest.

### NINETEENTH AFFIRMATIVE DEFENSE

123.   As and for a nineteenth, separate and distinct affirmative defense, these answering Defendants allege that  the force, if any, used upon Plaintiffs' decedent was reasonable and necessary under the circumstances, and that the injuries or damages allegedly suffered by Plaintiffs were due to and caused by reason of Plaintiffs and Plaintiffs' decedent's unlawful acts and conduct.

### TWENTIETH AFFIRMATIVE DEFENSE

124.   As and for a twentieth, separate and distinct affirmative defense, these answering Defendants allege that if any force was used upon or Plaintiffs' decedent, said force was caused and necessitated by the unlawful acts of the Plaintiffs and Plaintiffs' decedent and was necessary and reasonable to protect the Defendants and others.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

125.   As and for a twenty-first, separate and distinct affirmative defense, these answering Defendants allege that these Defendants had reasonable cause to believe that a public offense was being committed in their presence and that Plaintiffs' decedent had committed that and other public offenses.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

126.   As and for a twenty-second, separate and distinct affirmative defense, these answering Defendants allege that Defendants are not liable for a reasonable, but mistaken belief.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

127.   As and for a twenty-third, separate and distinct affirmative defense, these answering Defendants allege that Defendants owed no statutory, constitutional or other duty to Plaintiffs or Plaintiffs' decedent and that no special relationship existed with these Defendants.

///

TWENTY-FOURTH AFFIRMATIVE DEFENSE

128.   As and for a twenty-fourth, separate and distinct affirmative defense, these answering Defendants allege that the actions of these Defendants were lawful and proper and that probable cause existed for the arrest and/or detention of the Plaintiffs' decedent.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

129.   As and for a twenty-fifth, separate and distinct affirmative defense, these answering Defendants allege that the City of Tustin employees had probable cause to stop, detain and investigate the Plaintiffs' decedent and to use such force as reasonably appeared necessary to accomplish their lawful purpose being in all respects, reasonable, proper, necessary and legal.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

130.   As and for a twenty-sixth, separate and distinct affirmative defense, these answering Defendants allege that it had no duty to administer medical aid or assistance to Plaintiff's decedent and, to the extent that any such duty existed, Defendants acted reasonably and without gross negligence or deliberate indifference.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

131.   As and for a twenty-seventh, separate and distinct affirmative defense, these answering Defendants allege that these Plaintiffs have no standing to bring this action and that she has failed to comply with the provisions of *California Code of Civil Procedure* § 377 et seq.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

132.   As and for a twenty-eighth, separate and distinct affirmative defense, these answering Defendants allege that the City of Tustin has and had no custom, policy or practice of violating the civil rights of any individual(s).

///

///

1   TWENTY-NINTH AFFIRMATIVE DEFENSE

2       133.   As and for a twenty-ninth, separate and distinct affirmative defense,

3   these answering Defendants allege that its employees were adequately trained,

4   hired and retained as peace officers for the City of Tustin.

5   THIRTIETH AFFIRMATIVE DEFENSE

6       134.   As and for a thirtieth, separate and distinct affirmative defense, these

7   answering Defendants allege that medical care was promptly summoned and

8   provided to decedent.

9   THIRTY-FIRST AFFIRMATIVE DEFENSE

10       135.   As and for a thirty-first, separate and distinct affirmative defense,

11   these answering Defendants allege that no Defendant violated any clearly

12   established law and that each individual Defendant is entitled to qualified good-

13   faith immunity.

14   THIRTY-SECOND AFFIRMATIVE DEFENSE

15       136.   As and for a thirty-second, separate and distinct affirmative defense,

16   these answering Defendants allege that punitive damages may not be asserted

17   against a public entity.

18   THIRTY-THIRD AFFIRMATIVE DEFENSE

19       137.   As and for a thirty-third, separate and distinct affirmative defense,

20   these answering Defendants allege that the alleged emotional distress suffered by

21   Plaintiffs, if at all, was not reasonably foreseeable and was not the result of any

22   extreme or outrageous conduct by any of these Defendants.

23   THIRTY-FOURTH AFFIRMATIVE DEFENSE

24       138.   As and for a thirty-fourth, separate and distinct affirmative defense,

25   these answering Defendants allege that Defendants are entitled to all other

26   applicable immunities provided by state and federal law not specifically set forth

27   herein and specifically reserve the right to add to or amend this Answer prior to

28   the date of the Pre-Trial Conference in order to conform the pleadings to

established evidence.

1    WHEREFORE, these Defendants pray for judgment against the Plaintiffs

2    herein as follows:

3    1.    That the within First Amended Complaint be dismissed with

4    prejudice;

5    2.    That the Plaintiffs take nothing by way of this First Amended

6    Complaint;

7    3.    For attorneys' fees pursuant to 42 U.S.C. § 1988 and *Code of Civil*

8    *Procedure*, §§ 1021.7 and 1038;

9    4.    For costs of suit incurred herein; and

10    5.    For such other relief as this Court may deem just and proper.

11    DATED:  March 20, 2024               FERGUSON, PRAET & SHERMAN
                                           A Professional Corporation
12

13                                         By:    /s/ Bruce D. Praet
                                                  Bruce D. Praet,
14                                                Attorney for Defendants

15                          **DEMAND FOR JURY TRIAL**

16         Defendants hereby demand a trial by jury in the above-referenced matter.

17

18    DATED:  March 20, 2024               FERGUSON, PRAET & SHERMAN
                                           A Professional Corporation
19

20                                         By:    /s/ Bruce D. Praet
                                                  Bruce D. Praet, Attorneys for City of
21                                                Tustin Defendants

22

23

24

25

26

27

28