1    Bruce D. Praet  SBN 119430
     FERGUSON, PRAET & SHERMAN
2    1631 E. 18th St.
     Santa Ana, CA 92705
3    714.953.5300 telephone
     714.953.1143 facsimile
4    bpraet@aol.com

5    Attorney for Defendants

6

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9

10   OLGA ALVARADO DE GARAY,           )   Case No: 8:24-cv-00073 MRA ADS
     CAROLINA GARAY ALVARADO, and      )
11   MERCEDES GARAY ALVARADO,          )   **DEFENDANTS' ANSWER TO**
     individually and as successors in interest )   **FIRST AMENDED**
12   to Clemente de Jesus Garay Mejia,  )   **COMPLIANT; JURY DEMAND**
                                        )
13              Plaintiffs,             )
                                        )
14         v.                           )
                                        )
15   CITY OF TUSTIN, JOSEPH SANCHEZ     )
     and HAYDEN NEWMAN,                 )
16                                      )
                Defendants.             )
17   _____)

18

19

20         COMES NOW, Defendants, City of Tustin, Joseph Sanchez and Hayden

21   Newman, and answering the unverified First Amended Complaint for themselves

22   alone and pursuant to *F.R.Civ.P.,* Rule 8, admit, deny and allege as follows:

23         1.    For answer to paragraph one, Defendants admit the allegations in said

24   paragraph.

25         2.    For answer to paragraph two, Defendants lack sufficient information

26   to admit or deny the allegations in said paragraph, and therefore deny same.

27         3.    For answer to paragraph three, Defendants lack sufficient information

28   to admit or deny the allegations in said paragraph, and therefore deny same.

4.     For answer to paragraph four, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

5.     For answer to paragraph five, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

6.     For answer to paragraph six, Defendants admit the allegations in said paragraph.

7.     For answer to paragraph seven, Defendants admit the allegations in said paragraph.

8.     For answer to paragraph eight, Defendants admit the allegations in said paragraph.

9.     For answer to paragraph nine, Defendants admit the allegations in said paragraph.

10.     For answer to paragraph ten, Defendants admit the allegations in said paragraph.

11.     For answer to paragraph eleven, Defendants incorporate and reassert their responses to paragraphs 1 through 10, above.

12.     For answer to paragraph twelve, Defendants admit the allegations in said paragraph.

13.     For answer to paragraph thirteen, Defendants deny the allegations in said paragraph as phrased.

14.     For answer to paragraph fourteen, Defendants deny the allegations in said paragraph.

15.     For answer to paragraph fifteen, Defendants deny the allegations in said paragraph.

16.     For answer to paragraph sixteen, Defendants incorporate and reassert their responses to paragraphs 1 through 15 above.

17.     For answer to paragraph seventeen, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

18. For answer to paragraph eighteen, Defendants admit the allegations in said paragraph.

19. For answer to paragraph nineteen, Defendants admit the allegations in said paragraph.

20. For answer to paragraph twenty, Defendants deny the allegations in said paragraph.

21. For answer to paragraph twenty-one, Defendants deny the allegations in said paragraph.

22. For answer to paragraph twenty-two, Defendants deny the allegations in said paragraph.

23. For answer to paragraph twenty-three, Defendants deny the allegations in said paragraph.

24. For answer to paragraph twenty-four, Defendants deny the allegations in said paragraph.

25. For answer to paragraph twenty-five, Defendants deny the allegations in said paragraph.

26. For answer to paragraph twenty-six, Defendants incorporate and reassert their responses to paragraphs 1 through 25 above.

27. For answer to paragraph twenty-seven, Defendants admit the allegations in said paragraph.

28. For answer to paragraph twenty-eight, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

29. For answer to paragraph twenty-nine, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

30. For answer to paragraph thirty, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

31.     For answer to paragraph thirty-one, Defendants deny the allegations in said paragraph.

32.     For answer to paragraph thirty-two, Defendants deny the allegations in said paragraph.

33.     For answer to paragraph thirty-three, Defendants deny the allegations in said paragraph.

34.     For answer to paragraph thirty-four, Defendants

35.     For answer to paragraph thirty-five, Defendants incorporate and reassert their responses to paragraphs 1 through 34 above.

36.     For answer to paragraph thirty-six, Defendants admit the allegations in said paragraph.

37.     For answer to paragraph thirty-seven, Defendants deny the allegations in said paragraph.

38.     For answer to paragraph thirty-eight, Defendants deny the allegations in said paragraph.

39.     For answer to paragraph thirty-nine, Defendants deny the allegations in said paragraph.

40.     For answer to paragraph forty, Defendants deny the allegations in said paragraph, including all subparts.

41.     For answer to paragraph forty-one, Defendants deny the allegations in said paragraph.

42.     For answer to paragraph forty-two, Defendants deny the allegations in said paragraph.

43.     For answer to paragraph forty-three, Defendants deny the allegations in said paragraph.

44.     For answer to paragraph forty-four, Defendants deny the allegations in said paragraph.

///

45.     For answer to paragraph forty-five, Defendants deny the allegations in said paragraph.

46.     For answer to paragraph forty-six, Defendants deny the allegations in said paragraph.

47.     For answer to paragraph forty-seven, Defendants incorporate and reassert their responses to paragraphs 1 through 46 above.

48.     For answer to paragraph forty-eight, Defendants admit the allegations in said paragraph.

49.     For answer to paragraph forty-nine, Defendants  deny the allegations in said paragraph.

50.     For answer to paragraph fifty, Defendants deny the allegations in said paragraph.

51.     For answer to paragraph fifty-one, Defendants deny the allegations in said paragraph.

52.     For answer to paragraph fifty-two, Defendants deny the allegations in said paragraph.

53.     For answer to paragraph fifty-three, Defendants deny the allegations in said paragraph.

54.     For answer to paragraph fifty-four, Defendants deny the allegations in said paragraph.

55.     For answer to paragraph fifty-five, Defendants deny the allegations in said paragraph.

56.     For answer to paragraph fifty-six, Defendants deny the allegations in said paragraph.

57.     For answer to paragraph fifty-seven, Defendants incorporate and reassert their responses to paragraphs 1 through 56 above.

58.     For answer to paragraph fifty-eight, Defendants admit the allegations in said paragraph.

59.     For answer to paragraph fifty-nine, Defendants deny the allegations in said paragraph.

60.     For answer to paragraph sixty, Defendants deny the allegations in said paragraph.

61.     For answer to paragraph sixty-one, Defendants deny the allegations in said paragraph.

62.     For answer to paragraph sixty-two, Defendants deny the allegations in said paragraph.

63.     For answer to paragraph sixty-three, Defendants deny the allegations in said paragraph.

64.     For answer to paragraph sixty-four, Defendants deny the allegations in said paragraph.

65.     For answer to paragraph sixty-five, Defendants deny the allegations in said paragraph.

66.     For answer to paragraph sixty-six, Defendants deny the allegations in said paragraph.

67.     For answer to paragraph sixty-seven, Defendants deny the allegations in said paragraph.

68.     For answer to paragraph sixty-eight, Defendants deny the allegations in said paragraph.

69.     For answer to paragraph sixty-nine, Defendants incorporate and reassert their responses to paragraphs 1 through 68 above.

70.     For answer to paragraph seventy, Defendants deny the allegations in said paragraph.

71.     For answer to paragraph seventy-one, Defendants deny the allegations in said paragraph.

72.     For answer to paragraph seventy-two, Defendants deny the allegations in said paragraph.

73.     For answer to paragraph seventy-three, Defendants deny the allegations in said paragraph.

74.     For answer to paragraph seventy-four, Defendants deny the allegations in said paragraph.

75.     For answer to paragraph seventy-five, Defendants deny the allegations in said paragraph.

76.     For answer to paragraph seventy-six, Defendants deny the allegations in said paragraph.

77.     For answer to paragraph seventy-seven, Defendants deny the allegations in said paragraph.

78.     For answer to paragraph seventy-eight, Defendants incorporate and reassert their responses to paragraphs 1 through 77 above.

79.     For answer to paragraph seventy-nine, Defendants admit the allegations in said paragraph.

80.     For answer to paragraph eighty, Defendants deny the allegations in said paragraph.

81.     For answer to paragraph eighty-one, Defendants deny the allegations in said paragraph.

82.     For answer to paragraph eighty-two, Defendants deny the allegations in said paragraph.

83.     For answer to paragraph eighty-three, Defendants deny the allegations in said paragraph.

84.     For answer to paragraph eighty-four, Defendants incorporate and reassert their responses to paragraphs 1 through 83 above.

85.     For answer to paragraph eighty-five, Defendants admit the allegations in said paragraph.

86.     For answer to paragraph eighty-six, Defendants deny the allegations in said paragraph.

87.     For answer to paragraph eighty-seven, Defendants deny the allegations in said paragraph, including all subparts.

88.     For answer to paragraph eighty-eight, Defendants deny the allegations in said paragraph.

89.     For answer to paragraph eighty-nine, Defendants deny the allegations in said paragraph.

90.     For answer to paragraph ninety, Defendants deny the allegations in said paragraph.

91.     For answer to paragraph ninety-one, Defendants deny the allegations in said paragraph.

92.     For answer to paragraph ninety-two, Defendants deny the allegations in said paragraph.

93.     For answer to paragraph ninety-three, Defendants incorporate and reassert their responses to paragraphs 1 through 92 above.

94.     For answer to paragraph ninety-four, Defendants admit the allegations in said paragraph.

95.     For answer to paragraph ninety-five, Defendants deny the allegations in said paragraph.

96.     For answer to paragraph ninety-six, Defendants deny the allegations in said paragraph.

97.     For answer to paragraph ninety-seven, Defendants deny the allegations in said paragraph.

98.     For answer to paragraph ninety-eight, Defendants deny the allegations in said paragraph.

99.     For answer to paragraph ninety-nine, Defendants deny the allegations in said paragraph.

100.   For answer to paragraph one hundred, Defendants deny the allegations in said paragraph.

101.   For answer to paragraph one hundred one, Defendants deny the allegations in said paragraph.

102.   For answer to paragraph one hundred two, Defendants deny the allegations in said paragraph.

103.   For answer to paragraph one hundred three, Defendants deny the allegations in said paragraph.

104.   For answer to Plaintiffs' Prayer, Defendants deny the allegations set forth therein including all subparts.

<u>FIRST AFFIRMATIVE DEFENSE</u>

105.   As and for a first, separate and distinct affirmative defense, these answering Defendants allege that the First Amended Complaint fails to state a cause of action against any of these Defendants.

<u>SECOND AFFIRMATIVE DEFENSE</u>

106.   As and for a second, separate and distinct affirmative defense, these answering Defendants allege that any City of Tustin employees referred to in the Complaint as such were, and are now duly qualified, appointed and acting officers of the Tustin Police Department and peace officers of the State of California, and that at all times herein mentioned, said employees were engaged in the performance of their regularly assigned duties as police officers.

<u>THIRD AFFIRMATIVE DEFENSE</u>

107.   As and for a third, separate and distinct affirmative defense, these answering Defendants allege that the City of Tustin and any of its employees referred to in the Complaint, at all times herein relevant, acted in good faith, without malice, and within the scope of their duties as police officers and other officials for the City of Tustin and as peace officers for the State of California.

///

///

///

## FOURTH AFFIRMATIVE DEFENSE

108.   As and for a fourth, separate and distinct affirmative defense, these answering Defendants allege that any injuries to Plaintiffs and/or Plaintiffs' decedent were due to and caused by the negligence and omissions of Plaintiffs' decedent to care for himself, which carelessness, negligence and omissions were the proximate cause of the damage, if any, to the Plaintiffs and the decedent.

## FIFTH AFFIRMATIVE DEFENSE

109.   As and for a fifth, separate and distinct affirmative defense, these answering Defendants allege that any injury or damage suffered by Plaintiffs was caused solely by reason of Plaintiffs' and Plaintiffs' decedent's wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge the duty of his/their office, and not by reason of any unlawful acts or omissions by these Defendants.

## SIXTH AFFIRMATIVE DEFENSE

110.   As and for a sixth, separate and distinct affirmative defense, these answering Defendants allege that the actions of these Defendants were reasonable, proper, and legal.

## SEVENTH AFFIRMATIVE DEFENSE

111.   As and for a seventh, separate and distinct affirmative defense, these answering Defendants allege that a public employee is not liable for his/her act or omission, exercising due care in the enforcement of any law.

## EIGHTH AFFIRMATIVE DEFENSE

112.   As and for an eighth, separate and distinct affirmative defense, these answering Defendants allege that these Plaintiffs lack legal standing to pursue claims against these Defendants.

///

///

NINTH AFFIRMATIVE DEFENSE

113.   As and for a ninth, separate and distinct affirmative defense, these answering Defendants allege that a public employee is not liable for an injury resulting from his/her act of omission where the act or omission was the result of the exercise of the discretion vested in him/her.

TENTH AFFIRMATIVE DEFENSE

114.   As and for a tenth, separate and distinct affirmative defense, these answering Defendants allege that to the extent that Plaintiffs suffered any detriment, such detriment was caused or contributed to by the negligence of Plaintiffs and Plaintiffs' decedent.

ELEVENTH AFFIRMATIVE DEFENSE

115.   As and for an eleventh, separate and distinct affirmative defense, these answering Defendants allege that to the extent that Plaintiffs suffered any detriment, such detriment was voluntarily consented to by the Plaintiffs and Plaintiffs' decedent.

TWELFTH AFFIRMATIVE DEFENSE

116.   As and for a twelfth, separate and distinct affirmative defense, these answering Defendants allege that to the extent that Plaintiffs suffered any detriment, the risk of such detriment was assumed by Plaintiffs and Plaintiffs' decedent.

THIRTEENTH AFFIRMATIVE DEFENSE

117.   As and for a thirteenth, separate and distinct affirmative defense, these answering Defendants allege that all actions, including pre-shooting tactics, of all Defendant were without negligence and within the broad spectrum of reasonable conduct for officers under such conditions.

FOURTEENTH AFFIRMATIVE DEFENSE

118.   As and for a fourteenth, separate and distinct affirmative defense, these answering Defendants allege that to the extent Plaintiffs or Plaintiffs'

decedent suffered any detriment, such was unavoidable.

## FIFTEENTH AFFIRMATIVE DEFENSE

119.   As and for a fifteenth, separate and distinct affirmative defense, these answering Defendants allege that if it should be found that these answering Defendants are in any manner legally responsible for the damages, if any, sustained by Plaintiffs and/or Plaintiffs' decedent, which these Defendants specifically deny, then such damages were proximately caused or contributed to by other parties, whether plaintiffs, defendants, cross-complainants, cross-defendants, or otherwise, in this case, whether served or not served, and by other persons or entities not presently parties to this action, and it is necessary that the proportionate degree of negligence or fault of each and every said person or entity be determined and prorated and that any judgment which might be rendered against these answering Defendants be reduced not only by that degree of negligence found to exist as to other parties, but by the total of that degree of negligence or fault found to exist as to other persons or entities.

## SIXTEENTH AFFIRMATIVE DEFENSE

120.   As and for a sixteenth, separate and distinct affirmative defense, these answering Defendants allege that Plaintiffs have failed to comply with applicable sections of the California *Government Code* relating to claims and actions against public entities and public employees.

## SEVENTEENTH AFFIRMATIVE DEFENSE

121.   As and for an seventeenth, separate and distinct affirmative defense, these answering Defendants allege that public employees have qualified immunity from liability for acts undertaken in an official capacity, in good faith and in accordance with clearly established law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

122.   As and for a eighteenth, separate and distinct affirmative defense, these answering Defendants allege that neither a public entity nor a public

employee is liable for injury caused by a person attempting to escape or resist arrest.

### NINETEENTH AFFIRMATIVE DEFENSE

123.   As and for a nineteenth, separate and distinct affirmative defense, these answering Defendants allege that the force, if any, used upon Plaintiffs' decedent was reasonable and necessary under the circumstances, and that the injuries or damages allegedly suffered by Plaintiffs were due to and caused by reason of Plaintiffs and Plaintiffs' decedent's unlawful acts and conduct.

### TWENTIETH AFFIRMATIVE DEFENSE

124.   As and for a twentieth, separate and distinct affirmative defense, these answering Defendants allege that if any force was used upon or Plaintiffs' decedent, said force was caused and necessitated by the unlawful acts of the Plaintiffs and Plaintiffs' decedent and was necessary and reasonable to protect the Defendants and others.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

125.   As and for a twenty-first, separate and distinct affirmative defense, these answering Defendants allege that these Defendants had reasonable cause to believe that a public offense was being committed in their presence and that Plaintiffs' decedent had committed that and other public offenses.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

126.   As and for a twenty-second, separate and distinct affirmative defense, these answering Defendants allege that Defendants are not liable for a reasonable, but mistaken belief.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

127.   As and for a twenty-third, separate and distinct affirmative defense, these answering Defendants allege that Defendants owed no statutory, constitutional or other duty to Plaintiffs or Plaintiffs' decedent and that no special relationship existed with these Defendants.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

128.   As and for a twenty-fourth, separate and distinct affirmative defense, these answering Defendants allege that the actions of these Defendants were lawful and proper and that probable cause existed for the arrest and/or detention of the Plaintiffs' decedent.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

129.   As and for a twenty-fifth, separate and distinct affirmative defense, these answering Defendants allege that the City of Tustin employees had probable cause to stop, detain and investigate the Plaintiffs' decedent and to use such force as reasonably appeared necessary to accomplish their lawful purpose being in all respects, reasonable, proper, necessary and legal.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

130.   As and for a twenty-sixth, separate and distinct affirmative defense, these answering Defendants allege that it had no duty to administer medical aid or assistance to Plaintiff's decedent and, to the extent that any such duty existed, Defendants acted reasonably and without gross negligence or deliberate indifference.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

131.   As and for a twenty-seventh, separate and distinct affirmative defense, these answering Defendants allege that these Plaintiffs have no standing to bring this action and that she has failed to comply with the provisions of *California Code of Civil Procedure* § 377 et seq.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

132.   As and for a twenty-eighth, separate and distinct affirmative defense, these answering Defendants allege that the City of Tustin has and had no custom, policy or practice of violating the civil rights of any individual(s).

///

///

## TWENTY-NINTH AFFIRMATIVE DEFENSE

133.   As and for a twenty-ninth, separate and distinct affirmative defense, these answering Defendants allege that its employees were adequately trained, hired and retained as peace officers for the City of Tustin.

## THIRTIETH AFFIRMATIVE DEFENSE

134.   As and for a thirtieth, separate and distinct affirmative defense, these answering Defendants allege that no Defendant acted with the requisite intent to deny Plaintiff's decedent of any right as required by the Bane Act.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

135.   As and for a thirty-first, separate and distinct affirmative defense, these answering Defendants allege that Plaintiff's decedent was not a qualified individual with a disability required under the Americans with Disabilities Act. Alternatively, to the extent that any such qualifying disability existed, it was not known or reasonably apparent to any of these Defendants.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

136.   As and for a thirty-second, separate and distinct affirmative defense, these answering Defendants allege that punitive damages may not be asserted against a public entity.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

137.   As and for a thirty-third, separate and distinct affirmative defense, these answering Defendants allege that Plaintiff's decedent was not deliberately or otherwise denied or deprived of any protected right by way of any disability.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

138.   As and for a thirty-fourth, separate and distinct affirmative defense, these answering Defendants allege that Defendants are entitled to all other applicable immunities provided by state and federal law not specifically set forth herein and specifically reserve the right to add to or amend this Answer prior to the date of the Pre-Trial Conference in order to conform the pleadings to established evidence.

WHEREFORE, these Defendants pray for judgment against the Plaintiffs herein as follows:

1.      That the within First Amended Complaint be dismissed with prejudice;

2.      That the Plaintiffs take nothing by way of this First Amended Complaint;

3.      For attorneys' fees pursuant to 42 U.S.C. § 1988 and *Code of Civil Procedure*, §§ 1021.7 and 1038;

4.      For costs of suit incurred herein; and

5.      For such other relief as this Court may deem just and proper.

DATED:  March 20, 2024                    FERGUSON, PRAET & SHERMAN
                                                        A Professional Corporation


                                                        By:      /s/ Bruce D. Praet
                                                                    Bruce D. Praet,
                                                                    Attorney for Defendants

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury in the above-referenced matter.

DATED:  March 20, 2024                    FERGUSON, PRAET & SHERMAN
                                                        A Professional Corporation


                                                        By:      /s/ Bruce D. Praet
                                                                    Bruce D. Praet, Attorneys for City of
                                                                    Tustin Defendants