LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA ALVARADO DE GARAY, CAROLINA GARAY ALVARADO, and MERCEDES GARAY ALVARADO, individually and as successors in interest to Clemente de Jesus Garay Mejia,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TUSTIN, JOSEPH SANCHEZ, and HAYDEN NEWMAN<br><br>Defendants. | Case No. 8:24-cv-00073-MRA (ADSx)<br><br>*Assigned to*:<br>Hon. District Judge Monica R. Almadani<br>Hon Magistrate Judge Autumn D. Spaeth<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:   May 30, 2024<br>Time:  10:30 a.m.<br>Crtrm: 10B |

JOINT SCHEDULING CONFERENCE REPORT, PURSUANT TO FRCP RULE 26(F)

**JOINT RULE 26(f) REPORT FOR THE SCHEDULING CONFERENCE**

Following meeting and conferring of counsel pursuant to Federal Rules of Civil Procedure Rule 16(b), the parties hereby submit their Joint Rule 26(f) Report for the Scheduling Conference pursuant to the Court's Order dated March 22, 2024 (Dkt. No. 25), and pursuant to Federal Rules of Civil Procedure 26(f).

Plaintiffs will appear through their counsel of record, Dale K. Galipo of the Law Offices of Dale K. Galipo. Defendants will appear through their counsel of record, Bruce Praet of Ferguson Praet & Sherman.

## 1. BRIEF STATEMENT OF THE CASE

*1. Plaintiff's Statement:*

On or about January 8, 2023, at or near the intersection of Warner Avenue and Compass Avenue in Tustin, California, Defendants SANCHEZ and NEWMAN encountered Clemente de Jesus Garay Mejia ("DECEDENT"), who was holding a knife and appeared to be suffering a mental health crisis. Even though DECEDENT was too far away to pose an immediate threat of death or serious bodily harm to Defendants or anyone else, Defendant Officers used excessive force upon DECEDENT, discharging their firearms at him, striking him, causing serious physical injury, and eventually killing him. Defendant Officers had less than lethal alternatives available to them and failed to utilize, let alone exhaust these less lethal options prior to using deadly force. DECEDENT died of his injuries.

*2. Defendants' Statement:*

On the morning of January 8, 2023, Tustin Police received a 911 call of an individual (decedent Mejia) walking down Warner Ave., holding a large knife covered with blood. Despite several requests from officers for Mejia to put down the knife, Mejia rapidly charged at officers while brandishing the knife, forcing officers to respond with deadly force. The entire incident was captured on officers' Body Worn Cameras (BWC's). Subsequent investigation revealed that Mejia had apparently attempted suicide by cutting his wrists with the knife before charging officers.

## 2. SUBJECT MATTER JURISDICTION

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

## 3. LEGAL ISSUES

The following are among the principal issues raised by Plaintiffs' Complaint:

a)   Whether Defendant Officers SANCHEZ and NEWMAN used excessive force under the Fourth Amendment;

b)   Whether the excessive force against DECEDENT interfered with Plaintiffs' right to a familial relationship with DECEDENT under the Fourteenth Amendment;

c)   Whether the use of excessive force against DECEDENT was malicious, oppressive, or in reckless disregard of his rights;

d)   Whether the City of Tustin has unconstitutional customs, practices, or policies that were the cause of DECEDENT's and Plaintiffs' injuries;

e)   Whether the City of Tustin failed to adequately train its officers;

f)   Whether the City of Tustin ratified the unconstitutional conduct of Defendant Officers SANCHEZ and NEWMAN;

g)   Whether Defendants violated the Americans with Disabilities Act by failing to reasonably accommodate DECEDENT's disability during the encounter;

h)   Whether Defendant Officers SANCHEZ and NEWMAN committed battery against DECEDENT;

i)   Whether Defendant Officers SANCHEZ and NEWMAN were negligent with respect to their handling of the situation, pre-shooting tactics, and the use of force;

j)   Whether Defendants violated Cal. Civil Code § 52 by interfering with DECEDENT's civil rights;

k)   Whether Plaintiffs are entitled to damages; and

l)   The nature and extent of Plaintiffs' and DECEDENT's damages, including wrongful death damages, survival damages, and punitive damages.

## 4. PARTIES AND EVIDENCE

Plaintiff OLGA ALVARADO DE GARAY was DECEDENT's wife and sues on her own behalf and as DECEDENT's successor in interest. CAROLINA GARAY ALVARADO and MERCEDES GARAY ALVARADO are DECEDENT's adult biological daughters, and they sue on her own behalf and as DECEDENT's successor in interest.

Defendants are the CITY OF TUSTIN, and Tustin Police Department Officers JOSEPH SANCHEZ and HAYDEN NEWMAN.

The main evidence in this case is the body worn camera footage which captures the events at issue. Other witnesses and/or individuals with information pertinent to this matter may become known throughout the discovery process.

## 5. DAMAGES

Based on past jury verdicts and settlements in past cases with similar facts, Plaintiffs believe damages will be proven in the range of $15 to $30 million. Plaintiffs' claimed damages include compensatory damages in an amount according to proof, including damages for pre-death pain and suffering, survival damages, wrongful death damages; funeral and burial expenses; and punitive damages. Plaintiffs also seek statutory attorney's fees and costs, including interest.

Defendants deny the nature and extent of plaintiffs' claimed damages.

## 6. INSURANCE

The City of Tustin is permissibly self-insured per California Government Code § 990.

## 7. MOTIONS

*(a) Procedural Motions.*

The Parties do not expect to file motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the court's jurisdiction.

*(b) Dispositive Motions.*

Defendants anticipate filing a Motion for Summary Judgment with respect to all or some of Plaintiffs' claims at the close of discovery. If Defendants file a Motion for Summary Judgment, Plaintiffs Request two weeks to file their opposition.

*(c) Class Certification Motion.*

The Parties will not file a class certification motion.

## 8. MANUAL FOR COMPLEX LITIGATIONS

Counsel agree that this is not a case which is sufficiently complex to be governed by the procedures of the federal "Manual for Complex Litigation."

## 9. DISCOVERY

*(a) Status of Discovery.*

The parties have begun discovery at the time of the drafting of this report. Defendants have served their initial disclosures, including the entire investigation consisting of over 2800 pages of documents, photographs, video and audio recordings. Defendants have also served written discovery. Plaintiffs have also served their initial disclosures. However, Plaintiffs are in El Salvador and some of the documents Plaintiffs will produce have not been received by Plaintiffs' counsel yet, but they will be produced as soon as possible. There are no anticipated issues about discovery of electronically stored information.

*(b) Discovery Plan.*

Plaintiffs anticipate promptly propounding written discovery on Defendants including a request for production seeking the materials pertaining to the investigation into this incident. Plaintiffs anticipate deposing Defendants SANCHEZ and NEWMAN as well as other individual officers who witnessed the shooting. Plaintiffs may also depose EMTs, paramedics, and/or fire department personnel who arrived to provide medical

attention to Decedent. Plaintiffs may also depose a person most knowledgeable regarding the Tustin Police Department policies, procedures, and training pertaining to the use of force, including use of lethal force.

Subjects on which plaintiffs claim discovery may be needed include: officers' training; officers' prior uses of force, if any, including citizens' or internal complaints made against the deputies; Tustin Police Department policies; the handling of evidence by Tustin Police Department employees; and observations of the involved officers and other witnesses.

In addition to written discovery, Defendants intend to depose all Plaintiffs. However, because they reside in El Salvador, logistics of these depositions may require additional consideration.

*(c) Discovery Cut-off.*

See Appendix

*(d) Expert Discovery.*

See Appendix

*(e) Settlement Conference/Alternative Dispute Resolution (ADR).*

The parties have discussed the prospect of an early mediation in this case but have not yet engaged in any formal settlement negotiations. The parties will consider private mediation or a settlement conference with a Magistrate Judge once sufficient discovery has been completed to permit the parties to evaluate this case for settlement.

*(f) Trial.*

<u>i. Trial Estimate.</u>

The Parties estimate that this trial would take 5–7 days.

<u>ii. Jury or Court Trial.</u>

The Parties request a jury trial.

<u>iii. Consent to Trial Before a Magistrate Judge.</u>

The Parties do not agree to try this case before a magistrate judge.

       *iv. Lead Trial Counsel.*

       Plaintiffs' lead trial counsel will be Dale K. Galipo. Defendants lead trial counsel will be Bruce Praet.

*(g) Independent Expert or Master.*

No independent expert or master will be necessary.

*(h) Other Issues.*

Plaintiffs currently reside in El Salvador. The Parties have discussed how this will make the scheduling of their depositions significantly more difficult. To account for this, the Parties have agreed on a relatively lengthy discovery period so that we can ensure that the depositions can be done within the schedule set by the Court.

Respectfully Submitted,

DATED: May 16, 2024                   The Law Offices of Dale K. Galipo

                                     By:  /s/ Cooper Alison-Mayne
                                           Dale K. Galipo
                                           Cooper Alison-Mayne[1]
                                           Attorneys for Plaintiffs

DATED: May 16, 2024                   FERGUSON, PRAET & SHERMAN

                                     By:   /s/ Bruce D. Praet
                                           Bruce D. Praet, Attorneys for Defendants

---

[1] As the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.